UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Defendant, <br> -vs- <br> SAHIB SINGH BHATTI, <br> Movant. | NO.    CR-07-0137-WFN <br>          CV-08-0317-WFN <br> ORDER |

Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence, presented by Mr. Bhatti *pro se*; Assistant United States Attorney George Jacobs, III, represents the Government. The Court has reviewed the file and the Motion and is fully informed. For the reasons stated below, the Motion is denied.

**I. BACKGROUND**

On October 3, 2007, Mr. Bhatti was indicted. The Indictment charged two counts: (1) Possession with Intent to Distribute Ecstasy and (2) Possession with Intent to Distribute Marijuana. Mr. Bhatti entered into a plea agreement with the Government and pled guilty to Count 1 on December 3, 2007. On March 17, 2008, the Court sentenced Mr. Bhatti to 63 months imprisonment and 3 years supervised release.

**II. ANALYSIS**

"To earn the right to a hearing. . . [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary

ORDER - 1

1  hearing is not required, the Court "shall make such disposition of the motion as justice
2  dictates." Rule 8, Rules Section 2255 Proceedings (West 2006). Since Mr. Bhatti's complaint
3  stem from defense counsel's failure to file a motion based on Mr. Bhatti's immigration status,
4  the record is complete and an evidentiary hearing is unnecessary.

5       To gain relief, Movant must establish that (1) he is in custody under a sentence of this
6  federal court; (2) his request for relief was timely; and (3) the court lacked either personal
7  or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction
8  or sentence violates federal law, or the sentence or judgment is otherwise open to collateral
9  attack. 28 U.S.C. § 2255. Mr. Bhatti established that he satisfies the first two prongs.

10      Mr. Bhatti argues that his sentence violates federal law and was unconstitutional, thus
11 satisfying the third prong, based on alleged ineffective assistance of counsel during
12 sentencing. Specifically, Mr. Bhatti alleges that his counsel, Jeremy Benson, provided
13 ineffective assistance of counsel because he failed to file a motion for departure based on Mr.
14 Bhatti's status as a deportable alien. The Court recognizes that Mr. Bhatti is an Indian
15 citizen, who, prior to his arrest, was living legally in Canada.

16      In order to prevail on his ineffective assistance claims, Mr. Bhatti must prove that
17 counsel's performance was deficient and that he was prejudiced by this deficient
18 performance. *U.S. v. Strickland,* 466 U.S. 668, 687 (1984). Courts must "indulge a strong
19 presumption that counsel's conduct falls within the wide range of reasonable professional
20 assistance; that is, the defendant must overcome the presumption that, under the
21 circumstances, the challenged action might be considered sound trial strategy." *Strickland*,
22 466 U.S. at 689. "Counsel has "a duty to make reasonable investigations or to make a
23 reasonable decision that makes particular investigations unnecessary." *Correll v. Stewart*,
24 137 F.3d 1404, 1412 (9th Cir. 1998). "A fair assessment of attorney performance requires
25 that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the
26 circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

ORDER - 2

perspective at the time." *Id*. at 689 (internal citations omitted).  In order to show prejudice, Mr. Bhatti must show that but for counsel's errors the results of the proceeding would have been different. *Id.* at 694.

Mr. Bhatti cannot satisfy the *Strickland* test.  Even if Mr. Benson's failure to raise a downward departure motion was deficient, Mr. Bhatti cannot demonstrate prejudice. Had the motion been raised, the Court was under no obligation to grant the motion. Downward departure based on Mr. Bhatti's deportable status would not have been supported by Ninth Circuit law, so it would not have been likely that the Court would have granted such a motion had it been presented.  Though the Court recognizes that aliens do not have access to the same terms of incarceration that is afforded some non-aliens, the length of sentence was not effected by his alienage.  An alien's sentence must be more severe than that a non-alien would have received, for a court to grant such a motion for downward departure.  See *United States v. Charry Cubillos* 91 F.3d 1342, 1342 (9th Cir. 1996).  Mr. Bhatti's was not.

Mr. Bhatti's claims cannot meet the standard under a § 2255 Motion even assuming all facts alleged by Mr. Bhatti to be true.  Thus, Movant's Motion must be denied.

### III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (West 2006).  This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion that the Movant has failed to make a substantial showing of a denial of a constitutional right.  Thus a certificate of appealability should not issue.  Accordingly,

**IT IS ORDERED** that Movant's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255, filed October 14, 2009, **Ct. Recs. 45 and 46**, are **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to counsel and *pro se* Movant;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-08-0317-WFN**.

**DATED** this 30th day of September, 2009.

09-30

                         s/ Wm. Fremming Nielsen
                         WM. FREMMING NIELSEN
                         SENIOR UNITED STATES DISTRICT JUDGE